UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Eddie Thomas Jackson, #97217-071, | ) C/A No. 8:05-2429-MBS-BHH |
| Petitioner, | ) |
| vs. | ) Report and Recommendation |
| Warden, M. Pettiford, | ) |
| Respondents. | ) |

The petitioner, Eddie Thomas Jackson (Petitioner), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief.[1] Petitioner is an inmate at the Federal Correctional Institution (FCI) at Bennettsville, South Carolina. Petitioner states his claim as one for violation of statutory and constitutional rights due to "the procedure used in the execution of his sentence." Petition at 1. Petitioner requests re-sentencing and release from custody. Petition at 10. The underlying issue raised in the habeas petition is the enhancement of Petitioner's federal sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), based on a prior state escape conviction. The issue of the use of the state conviction for escape to enhance the federal sentence was addressed in Petitioner's direct appeal of his federal conviction, and in Petitioner's post-conviction action filed pursuant to 28 U.S.C. § 2255. Even if the issue had not already been ruled upon, it is an issue appropriate for direct appeal or relief under § 2255, rather than habeas relief under 28 U.S.C. § 2241. The petition should be dismissed.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

### *Pro Se* Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. § 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Maryland House of Correction, 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983); Boyce v. Alizaduh, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* petitions liberally. Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, *see* Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See* Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *See* Fine v. City of New York, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See* Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir. 1990).

**Background**

Petitioner is a federal prisoner currently incarcerated at FCI-Bennettsville. Petitioner pled guilty in this Court to possession of a firearm by a felon, and on January 17, 2002, the Honorable C. Weston Houck, (now Senior) United States District Judge, sentenced Petitioner to 180 months in prison. *See* U.S. v. Jackson, 4:00-cr-607-12 (D.S.C.). On October 24, 2002, Petitioner's appeal of his conviction and sentence was affirmed in an unpublished opinion by the United States Court of Appeals for the Fourth Circuit (Fourth Circuit). *See* U.S. v. Jackson, 48 Fed.Appx. 902 (4th Cir. 2002). The Fourth Circuit specifically found that "Jackson's conviction for escape was properly used as a prior felony conviction of a crime of violence." On December 13, 2002, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in this District Court. *See* Jackson v. U.S., 4:02-4170-12 (D.S.C.). Petitioner argued, as one of the issues in his § 2255 action, ineffective assistance of counsel based on his attorney's failure to present the South Carolina statutory definition of escape at sentencing. Petitioner's § 2255 motion was denied on March 3, 2004, based in part on the Fourth Circuit's finding in Petitioner's direct appeal that the escape conviction was properly applied as prior felony conviction. On May 21, 2004, by unpublished order, the Fourth Circuit denied a certificate of appealability and dismissed Petitioner's appeal of the denial of his § 2255 action. *See* U.S. v. Jackson, 96 Fed.Appx. 930 (4th Cir. 2004). On August 10, 2005, the Fourth Circuit denied Petitioner's motion for authorization to file a successive application for relief pursuant to 28 U.S.C. § 2244. *See* In re: Eddie Thomas Jackson, No. 05-385 (4th Cir. Aug. 10, 2005). On August

3

30, 2005, Petitioner filed the current habeas action pursuant to 28 U.S.C. § 2241 in this District Court. Petitioner files the above-captioned § 2241 action.

## Discussion

The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in this case should be dismissed because Petitioner's claims about the invalidity of his sentence are cognizable under 28 U.S.C. § 2255, not 28 U.S.C. § 2241. Prior to enactment of 28 U.S.C. § 2255, the only way a federal prisoner could collaterally attack a federal conviction was through petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. *See* Triestman v. United States, 124 F.3d 361, 373 (2nd Cir. 1997). In 1948, Congress enacted § 2255 primarily to serve as a more efficient and convenient substitute for the traditional habeas corpus remedy. In doing so, Congress did not completely foreclose the use of § 2241 as a remedy for federal prisoners.

Section 2241 remains an option when a § 2255 motion is "inadequate or ineffective" to test the legality of a prisoner's detention. *See* In re Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997). Since the passage of § 2255, the use of § 2241 has only been allowed in limited situations such as actions challenging the administration of parole, Doganiere v. United States, 914 F.2d 165, 169-170 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991); computation of good time or jail time credits, McClain v. United States Bureau of Prisons, 9 F.3d 503, 504-05 (6th Cir. 1993); prison disciplinary actions, United States v. Harris, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, Atehortua v. Kindt, 951 F.2d 126, 129-130 (7th Cir. 1991). Essentially, § 2241 is an appropriate basis for a habeas petition where a prisoner challenges the execution of

the sentence, but it is not generally available where the underlying validity of the sentence is being challenged. See Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)(collecting cases from other circuits). The United States Court of Appeals for the Seventh Circuit has stated that "a prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir.1994). Review under § 2241 is barred when § 2255 provides an adequate remedy. See 28 U.S.C. § 2255.

Although Petitioner presents his arguments in terms of "execution" of his sentence, he is actually attacking the validity of his sentence. Petitioner's arguments are rooted in the same arguments presented in his appeal and post-conviction action, that a state conviction for escape was incorrectly used to enhance his federal sentence. Such an argument is clearly challenging the sentence itself, and not how the sentence is being executed. Petitioner's habeas action filed pursuant to § 2241 should be dismissed because Petitioner's claims are properly brought under 28 U.S.C. § 2255, not 28 U.S.C. § 2241.

Petitioner argues that based on the Fourth Circuit's denial of his request to file a second or successive §2255 motion pursuant to § 2244(b), § 2255 is "inadequate and ineffective to test the legality of Mr. Jackson's conviction under § 924(e)." Petition at 5. The existence of a procedural obstacle, such as the fact that another § 2255 petition filed by Petitioner in the District Court might be found to be untimely or successive, does not render the § 2255 remedy inadequate or ineffective. See In Re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Petitioner has not shown that a § 2255 action is "inadequate or ineffective" to test the legality of his detention, which would allow him to proceed under § 2241.

5

Petitioner also argues that this Court has jurisdiction of his § 2241 habeas action under the holding of In re Jones, 226 F.3d 328 (4th Cir. 2000). The Fourth Circuit has recognized limited jurisdiction under § 2241 in cases in which

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d at 333-34. Petitioner argues that the three requirements of In re Jones are present in his case and therefore this Court has jurisdiction to consider his § 2241 habeas action.

The flaw in Petitioner's argument is clear in examining the second requirement established by In re Jones. Petitioner contends that "subsequent to Mr. Jackson's direct appeal and first § 2255 motion, the substantive law changed such that the prior S.C. escape conviction which was used as the third predicate offense to enhance Mr. Jackson's sentence is no longer deemed as a predicate offense under 18 U.S.C. 924(e)." Petition at 4. Petitioner argues that substantive law has changed based on the Fourth Circuit decision in U.S. v. Pressley, 359 F.3d 347 (4th Cir. 2004), which, in footnote 6, states that Pressley's South Carolina escape conviction was not a "violent felony" and could not be used as a predicate conviction for purposes of § 924(e) in sentencing as an Armed Career Criminal. The requirement of In re Jones, however, specifically applies to a change in the substantive law that makes the conduct of which Petitioner was *convicted* no longer criminal. Petitioner was convicted of possession of a firearm by a felon. The issue of the underlying prior state conviction of escape does not affect Petitioner's federal *conviction*,

6

so Petitioner has not established that In re Jones provides this Court with jurisdiction to consider his § 2241 petition in this case.

Additionally, the issue of the enhancement of Petitioner's federal conviction based on a prior state conviction for escape has been ruled upon by the Fourth Circuit. *See* U.S. v. Jackson, 48 Fed.Appx. 902 (4th Cir. 2002). Petitioner acknowledges this fact in his Petition, which states "[t]he Fourth Circuit Court of Appeals affirmed Mr. Jackson's sentence and conviction on October 24, 2002, by holding that Mr. Jackson's conviction for escape was properly used as a prior felony conviction of crime of violence." Petition at 3. Similarly, the issue was raised in Petitioner's § 2255 action, which was denied, and the denial was not overturned on appeal to the Fourth Circuit. The issue raised in this § 2241 petition has been decided by the Fourth Circuit, which decision is binding on this District Court. The petition filed pursuant to § 2241 in this case should be dismissed.

Petitioner also has pending in this case a Motion for Recusal and Disqualification of Judge. Petitioner requests Judge Houck, Senior United States District Judge, "recuse and disqualify himself from presiding over his Petition under § 2241 writ of habeas corpus." The motion is moot as Judge Houck is not the presiding District Judge assigned in this case.

### Recommendation

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice* and without requiring the respondents to file an answer. *See* Allen v. Perini, 424 F.2d 134, 141 (6th Cir.)(federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer

or return), *cert. denied*, 400 U.S. 906 (1970).  It is further recommended that the Motion for Recusal and Disqualification be denied as moot.  The petitioner's attention is directed to the important notice on the next page.

                                      Respectfully Submitted,

                                      S/Bruce H. Hendricks
                                      United States Magistrate Judge

November 21, 2005
Greenville, South Carolina

# Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
# &
# The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
P. O. Box 10768
Greenville, South Carolina 29603**