IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Eddie Thomas Jackson, | ) | C/A No. 8:05-2429-MBS-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **OPINION AND** |
| v. | ) | **ORDER** |
| | ) | |
| M. Pettiford, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner Eddie Thomas Jackson, appearing pro se, is a prisoner in the custody of the Federal Bureau of Prisons. He brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. Petitioner alleges that the court improperly enhanced his sentence under 18 U.S.C. § 924(e) by considering a 1990 state escape conviction as a predicate offense. Petitioner requests re-sentencing and immediate release from custody.

Petitioner pled guilty to possession of a firearm by a felon and was sentenced to a term of imprisonment of 180 months. See United States v. Jackson, 4:00-CR-607-CWH (D.S.C. January 17, 2002). On October 24, 2002, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's conviction and sentence. See United States v. Jackson, 48 Fed. Appx. 902 (4th Cir. 2002). On December 13, 2002, Petitioner filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. See Jackson v. United States, Civil Action No. 4:02-4170-CWH. On March 3, 2004, Petitioner's motion was denied based in part on the previous finding by the Fourth Circuit that Petitioner's escape conviction was properly applied as a prior felony conviction. On May 21, 2004, the Fourth Circuit denied Petitioner's request for a certificate of appealability and dismissed Petitioner's appeal of the denial of his § 2255 motion. See United States v. Jackson, 96 Fed. Appx.

1

930 (4th Cir. 2004). On August 10, 2005, the Fourth Circuit denied Petitioner's motion for authorization to file a successive application for relief pursuant to 28 U.S.C. § 2244. See In re Eddie Thomas Jackson, No. 05-385 (4th Cir. August, 10, 2005). On August 30, 2005, Petitioner filed the captioned action.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to United States Magistrate Judge Bruce Howe Hendricks for a Report and Recommendation ("Report and Recommendation"). The Magistrate Judge reviewed the pro se complaint pursuant to the provisions of 28 U.S.C. § 1915. The Magistrate Judge filed a Report and Recommendation on November 21, 2005, and recommended that Plaintiff's complaint be summarily dismissed without prejudice and without issuance and service of process. More specifically, the Magistrate Judge noted that Petitioner's claim was addressed in Petitioner's direct appeal of his federal conviction, and in Petitioner's post-conviction action filed pursuant to 28 U.S.C. § 2255. Petitioner filed objections to the Report and Recommendation ("Plaintiff's Objections") on December 12, 2005.

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. Mathews v. Weber, 423 U.S. 261, 270 (1976). The responsibility for making a final determination remains with this court. Id. The district court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Report and Recommendation to which objections have been filed. Id. However, the court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the

court to a specific error in the Magistrate Judge's proposed findings and recommendations. Orpiano v. Johnson, 687 F.2d 44, 47-48 (4th Cir. 1982).

Petitioner contends that the Magistrate Judge erred in concluding that Petitioner has not demonstrated that 28 U.S.C. § 2255 would be inadequate or ineffective to test the legality of his detention. Petitioner contends that he has not had an opportunity to argue that his escape conviction was not a violent felony, which is a prerequisite for enhancement under 18 U.S.C. § 924(e). It is well-settled that a petitioner may not raise issues for collateral review which he had a reasonable opportunity to address in his direct appeal and first § 2255 motion. United States v. Pressley, 259 F.3d 347 (4th Cir. 2004). In the current case, the Fourth Circuit Court of Appeals has held already that Petitioner's "conviction for escape was properly used as a prior felony conviction of a crime of violence." United States of America v. Eddie Thomas Jackson, 48 Fed. Appx. 902 (4th Cir. 2002). In addition, the Fourth Circuit Court of Appeals noted that "[t]here is no error, much less plain error, in the district court's decision to consider all three South Carolina felony convictions as proper predicate offenses for the purpose of enhancing Jackson's sentence. We find no error in the district court's failure to explicitly rule on Jackson's meritless pro se motions." Id. The Fourth Circuit Court of Appeals has ruled on Petitioner's case and has found that his sentence was properly calculated. As such, the Magistrate Judge's conclusion that Petitioner must seek relief pursuant to 28 U.S.C. § 2255 is correct. Petitioner's objection is without merit.

For the foregoing reasons, the court adopts the Report and Recommendation of the Magistrate Judge and incorporates it herein by reference. The captioned matter is dismissed.

Petitioner's motion for recusal and disqualification of Judge C. Weston Houck is denied as moot.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

April 21, 2006
Columbia, South Carolina

**NOTICE OF RIGHT TO APPEAL**
**Petitioner is hereby notified that he has the right to appeal this order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**